## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MARSHA RHODES, individually and as**
**Personal Representative for the Estate of**
**VIRGINIA TOLLESON, Deceased,**

        **Plaintiff,**

**v.**                              **No. CIV-11-0483 GBW/LAM**

**THE EVANGELICAL LUTHERAN**
**GOOD SAMARITAN SOCIETY**
**d/b/a GOOD SAMARITAN SOCIETY**
**LAS CRUCES VILLAGE,**

        **Defendants.**

## <u>PROTECTIVE ORDER</u>

**THIS MATTER** is before the Court on the parties' ***Joint Motion for Entry of Protective Order (Doc. 46)***, filed January 9, 2012.

**WHEREAS**, the discovery in this action entails the production of certain policies, procedures, and other materials which The Evangelical Lutheran Good Samaritan Society, d/b/a Good Samaritan Society – Las Cruces Village (hereinafter referred to as "Good Samaritan") considers proprietary and were developed at considerable cost;

**WHEREAS**, Plaintiff Marsha Rhodes has requested those materials from Good Samaritan in discovery requests served in this action, and Good Samaritan is prepared to produce those materials as referred by the Court;

**WHEREAS**, Good Samaritan claims the value of this information could be considerably, if not wholly, diminished by its public release; and

1

**WHEREAS**, without Plaintiff taking a position as to whether any or all of the materials to be produced are confidential or trade secrets in nature, the parties desire to expedite and facilitate discovery in this case by entry of a protective order.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the parties whose attorneys have executed this Protective Order, as follows:

1.      A Protective Order governs the use, disclosure and designation as confidential of documents and information relating to Plaintiff's claims and defenses, and Defendant's defenses and counterclaims in this action, in discovery or at trial, including without limitation, inspection and copying of books, records, documents, machine-readable data and tangible things, responses to interrogatories and requests to admit, and trial exhibits.  Any such documents or information of a confidential or proprietary nature may be designated "CONFIDENTIAL."  Such designation shall be made as provided in Paragraph 2 hereof.  Documents or information so designated and all copies, extracts, compilations, and summaries thereof and information therein (hereinafter collectively referred to as "Confidential Information") shall be used and disclosed only as permitted herein.

2.      Defendant may designate the documents, information, or portions thereof, which the party considers to be appropriate for designation as Confidential Information at the time such documents, information or portions are produced or disclosed, or as soon thereafter as Defendant or entity seeking protection becomes aware of the nature of the documents, information or portions disclosed and sought to be protected hereunder, by the following procedure:

(a)      Except for trial exhibits, for documents produced for inspection pursuant to request or subpoena, or otherwise produced, which documents are to be designated as Confidential Information, Defendant shall notify the other party in writing prior to such inspection, by stamping each such document with the appropriate designation, if any of the

information on such document to be produced is considered "CONFIDENTIAL."  All documents for which such notice has been given, and all testimony related thereto, shall be inspected, reviewed and/or heard (as the case may be) only by persons qualified to have access to such Confidential Information as set forth in Paragraph 3 herein.

(b)     For testimony at deposition, counsel for Defendant may invoke the provisions of this Protective Order by advising others present in a timely manner, giving adequate warning that testimony being given is deemed "CONFIDENTIAL."  The reporter shall then mark the portions of the transcript for which such warning was given as "CONFIDENTIAL."  Alternately, any counsel of record may at or during such testimony, designate the entire record as "CONFIDENTIAL" and within 30 days of receipt of the associated transcript, such counsel shall designate in writing to opposing counsel the appropriate portion(s) of such transcript as "CONFIDENTIAL."  In the event such counsel fails to designate as specified in this Paragraph, the provisions of Paragraph 12, *infra*, shall apply.

**<u>Access</u>**

3.     Confidential information designated as "CONFIDENTIAL" may be given, shown, disclosed, made available, or communicated only to:

(a)     Attorneys for the parties who are identified in this Order to have entered a formal appearance;

(b)     The paralegal, administrative, clerical and secretarial personnel assisting such attorneys for whom access to such material is necessary to perform their duties with respect to this case, provided that all persons in or employed by any firm identified in this Order shall observe this Protective Order;

3

(c)     Current or former employees of Defendant; and

(d)     Independent experts retained by the parties and who have executed a signed

acknowledgement in the form attached hereto as Exhibit A.

**Court Procedures**

4.     Except for trial exhibits, all documents containing Confidential Information that are

filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on

which shall be endorsed the title of this litigation, an indication of the nature of the contents of such

sealed envelope or other container, the work "CONFIDENTIAL" and a statement substantially in

the following form:

> "By order of the Court, entered on [date], this envelope is to remain
> sealed and the Clerk of the Court shall not reveal the contents thereof
> to any person without further order of this Court."

All information subject to confidential treatment in accordance with the terms of this Order that is

filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any

Confidential Information, shall be filed under seal and kept under seal until further order of the

Court.  Where possible, only confidential portions of filings with the Court shall be filed under seal.

The Clerk shall maintain such documents under seal, except that any judge or magistrate judge

exercising responsibility in this case, and their legal administrative, secretarial or clerical staffs, shall

have access to documents under seal as necessary in adjudicating or administering this case.

5.     Documents or information designated for protection pursuant to this Protective Order

may be introduced into evidence or otherwise disclosed in Court proceedings after notice to counsel

for all parties.  All such documents or information shall otherwise continue to be subject to this

Protective Order.

4

**Change of Designation**

6.      Nothing in this Protective Order shall be deemed to preclude Defendant from seeking and obtaining, on an appropriate showing, such additional protection with respect to documents or other discovery material as Defendant may consider appropriate, nor shall Defendant be precluded from claiming that any matter designated hereunder is not entitled to protection, or that a lesser form of protection than designated is appropriate in view of Defendant's need to disclose such information to persons other than those qualified under this Protective Order.

**Inadvertent Disclosure**

7.      The inadvertent or unintended disclosure pursuant to discovery in this lawsuit of Confidential Information, regardless of whether the information was designated at the time of disclosure, shall not in this action be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents; provided that the discovery of the inadvertent disclosure is made in a timely fashion following that disclosure and prompt written notice of the claim of confidentiality is given.

**Use of Designated Materials**

8.      Confidential information shall be used solely in connection with this litigation, and not for any business, competitive, or commercial purpose or function.  No person may utilize or disclose to any person, in public or in private, information and/or documents designated hereunder, except as set forth in this Order.  Nothing herein shall prevent disclosure of any Confidential Information by the party producing such information to any current or former employee of Defendant or any non-party entity who authored or received the Confidential Information prior to its designation under this Order.  This Protective Order does not apply to information and/or

documents acquired other than through this proceeding, the rights of the parties with respect to such other acquired information being separately determined.

**Final Disposition**

9.      Upon termination of this litigation, the originals and all copies of Confidential Information shall be turned over to Defendant's counsel, or by agreement of counsel for the parties such copies may be destroyed and such destruction verified, except that one copy of such materials appended to pleadings may be retained in the files of Trial Counsel.

**Modification**

10.      Either party may seek modification of this Order upon motion and for good cause shown, by alleging specific changes and specific grounds.

**Inapplicable Materials**

11.      The restrictions upon, and obligations accruing to, persons who become subject to this Order shall not apply to:

(a)      Any information which at the time of disclosure by Defendant is available to the public,

(b)      Any information which after disclosure by Defendant becomes available to the public other than by a breach of this Order by the receiving party, and

(c)      Any information which the Plaintiff can show (i) was already known to Plaintiff, (ii) was independently developed by the receiving party, (iii) was obtained from Defendant without having been submitted as confidential, or (iv) was received after the time of disclosure hereunder from a third party who is neither subject to an obligation of non-disclosure owed to Defendant nor one whom the Plaintiff has reason to believe is subject to an obligation to Defendant of non-disclosure.

6

12.     Unless otherwise provided herein, the Court and the parties shall take all necessary and proper steps to preserve the confidentiality of, and to protect Defendant's rights with respect to any designated confidential information in accordance with Paragraph 2 above.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

APPROVED BY:  ***(Prior to modification by the Court)***

MODRALL, SPERLING, ROEHL, HARRIS
  & SISK, P.A.

By: /s/ Martha G. Brown, Attorney at Law
       Martha G. Brown
       Allison L. Biles
       *Attorneys for Defendant The Evangelical Lutheran Good Samaritan Society*
       Post Office Box 2168
       Albuquerque, New Mexico  87103-2168
       Telephone: 505.848.1800

ADAM D. RAFKIN, P.C.

By: (electronically approved 1/5/12)
       Adam D. Rafkin
       PO Box 1912
       Ruidoso, NM  88355
       Telephone: (575) 257-0129

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she has read the Protective Order executed by the

attorneys of record for the parties in the action presently pending In The United States District Court

for the District of New Mexico, entitled *MARSHA RHODES v. THE EVANGELICAL LUTHERAN*

*GOOD SAMARITAN SOCIETY*, Case No. 2:11-cv-00483 GBW-LAM and understands the terms

thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.


Dated: _____, 2012 By: _____

9